UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDDIE MARSALIS #451967**

**v.**

**DR. RANDY LAVESPERE, ET AL.**

CIVIL ACTION

NO. 15-271-JWD-SCR

## RULING AND ORDER

This matter comes before the court on the Order to Show Cause for an (sic) Preliminary Injunction and a Temporary Restraining Order (R. Doc. 17) ("Motion") filed by Plaintiff, Freddie Marsalis. Defendants Dr. Randy Lavespere, Dr. Hal MacMurdo, Dr. Paul Toce, Dr. Dwayne Helms, and Samuel Gaspard oppose the Motion. (R. Doc. 22).

The pro se plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this show cause order asking for a temporary restraining order and preliminary injunction against the above Defendants, along with "Jane/John Doe's badge Numbers #19, #543, #93, #552, Head Warden N. Burl Cain, Assistant Warden/HealthCare – Stephanie Lamartinere and EMT Combe #551" (collectively, the "Unnamed Defendants"), complaining that his Eighth Amendment rights were violated by the Defendants' "delaying and/or denying medical attention." Plaintiff claims to have a number of ailments and complains of many problems with the manner in which LSP provided him care. He wants the court to order surgery for his hemorrhoid, an examination by a gastrologist/pathologist specialist, and advancement and upgrade of the medical standards and conditions at LSP. He further seeks an order restraining all of the above defendants from delaying medical treatment for extended periods of time; delaying evaluation; delaying and/or denying access to specialty care; delaying

and/or denying surgery, medication, and physical therapy as well as an order to improve follow up care.

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the Plaintiff is entitled to the relief requested. The Plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits (i.e., deliberate indifference to a substantial risk of serious harm). This is particularly given his refusal to seek medical treatment on prior occasions. Further, Defendant has pointed to evidence that the clinician in ILH Eye Clinic – LSU found that the requested surgery could not be authorized.

Accordingly,

**IT IS ORDERED** that the plaintiff's Order to Show Cause for an (sic) Preliminary Injunction and a Temporary Restraining Order (R. Doc. 17) be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on October 23, 2015.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**